# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:13-cv-00105-MR
# [CRIMINAL CASE NO. 1:08-cr-00085-MR-1]

| | |
|---|---|
| ANTHONY JOSEPH ALLISON, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> ) | **MEMORANDUM OF** <br> **DECISION AND ORDER** |

**THIS MATTER** is before the Court on consideration of Petitioner's *pro se* Motion to Vacate, Set Aside or Correct Sentence, filed pursuant to 28 U.S.C. § 2255 [Doc. 1]; Petitioner's Application to Proceed without Prepayment of Fees [Doc. 2]; and Petitioner's Motion for Status Report [Doc. 3]. For the reasons that follow, Petitioner's motions will be denied and dismissed.

## I.    BACKGROUND

On October 5, 2008, Petitioner was charged in a one-count Bill of Indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). [Criminal Case No. 1:08-cr-00085, Doc. 1]. On October 22, 2008, Petitioner filed a motion to suppress the recovery of the

firearm and any evidence that was obtained thereafter, including evidence discovered during a search of his cell phone that was conducted pursuant to a state search warrant. [Id., Doc. 10: Motion to Suppress].

On October 27, 2008, Petitioner decided to enter a conditional plea of guilty pursuant to a written plea agreement with Government, and he specifically reserved the right to appeal any adverse ruling by the Court on the motion to suppress evidence. [Id., Doc. 13: Plea Agreement]. That same day, Petitioner appeared with counsel for the hearing on the motion to suppress. At the hearing, the Government presented the testimony of Sergeant John Hamrick of the Shelby Police Department. Sgt. Hamrick testified that on January 11, 2008, he was on patrol in a marked car along with Officer Brandon Carpenter when they observed a Ford Explorer headed in the opposite direction. Sgt. Hamrick observed the driver of the Explorer and formed the belief that it was an individual named Zavious Wells. Believing that Wells had an outstanding warrant for a probation violation, Hamrick quickly turned his patrol car around and began to follow the Explorer but did not activate the siren, lights or the loud speaker. The Explorer then abruptly pulled into a driveway and the officers pulled in behind the vehicle.

The occupants of the Explorer exited the vehicle at about the same time the officers exited their patrol car. Sgt. Hamrick testified that at no time did he or Officer Carpenter activate the lights or sirens or order the driver or passenger of the Explorer to stop the vehicle or to exit the vehicle.

Sgt. Hamrick determined at the scene that he had been mistaken about the identity of the driver of the Explorer, but he did recognize the driver as Victor Wade, whom he had previously charged with a driving offense. Wade admitted to Sgt. Hamrick that he did not have a driver's license in his possession, and Hamrick quickly verified through dispatch that Wade did not have a valid driver's license. Wade was issued a citation for driving without a valid driver's license. Officer Carpenter asked Wade for permission to search the vehicle but he refused on the ground that the vehicle did not belong to him. Around this time, several people had exited the home where the Explorer was parked and began milling around the car. Sgt. Hamrick recognized Petitioner, who was the passenger that had been in the front seat of the Explorer – and the only other occupant of the vehicle besides Wade – and knew that he had recently been released from custody for a weapon offense. Officer Carpenter patted Petitioner down to ensure that there were no weapons on his person, and then conducted a protective frisk of the vehicle to ensure that there were no weapons immediately

3

available to Wade or the Petitioner or to the people who were gathering near the vehicle. The officers immediately located a .380 caliber Lorcin handgun under the front passenger seat where Petitioner had just been seated.

Petitioner was placed under arrest and a search warrant was obtained for Petitioner's cell phone. The officers discovered several pictures of Petitioner holding a handgun that were saved in the cell phone and were consistent in appearance with the gun recovered from the Explorer.

After hearing testimony from the Petitioner and arguments from the parties, the Court found that the motion to suppress should be denied and that the evidence recovered following the search was admissible. [See id. Doc. 15: Order; Doc. 30: Tr. of Suppression Hr'g]. Petitioner then offered his conditional guilty plea, which was accepted by the Court. On March 27, 2009, the Court sentenced Petitioner to a term of 180 months' imprisonment.

Petitioner filed a timely notice of appeal to the United States Court of Appeals for the Fourth Circuit. [Id., Doc. 21: Judgment in a Criminal Case]. On appeal, Petitioner confined his challenge to the District Court's ruling on his motion to suppress, citing, among other authority, the Supreme Court's

decision in Brendlin v. California, 551 U.S. 249 (2007).  Specifically, Petitioner argued that even though the Explorer had been parked in the driveway and he and Wade had exited the vehicle before they noticed either of the officers, a stop nevertheless occurred because Sgt. Hamrick parked his patrol car directly behind the Explorer, thereby effectively prevented them from leaving the scene.

The Court of Appeals rejected Petitioner's challenge to the search of the Explorer, noting that "Brendlin, the very case on which [Petitioner] relies to claim standing as a passenger, draws a stark contrast between individuals within a vehicle and those outside its confines: pedestrians possess a degree of physical and environmental freedom that automotive occupants lack." United States v. Allison, 398 F. App'x 862, 864 (4th Cir.) (unpublished), cert. denied, 131 S. Ct. 1801 (Mar. 28, 2011) (citing Brendlin, 551 U.S. at 257).  Because Petitioner clearly had exited the vehicle before noticing the officers and was therefore no longer confined as a passenger in the Explorer, the Court of Appeals concluded that he had no standing to challenge the subsequent search of the vehicle.  The Court of Appeals therefore affirmed Petitioner's criminal judgment in all respects.

This § 2255 proceeding followed.

**II.     STANDARD OF REVIEW**

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

In this § 2255 collateral proceeding, Petitioner raises three grounds for relief, all in a repeated effort to challenge the District Court's ruling on his motion to suppress. [Doc. 1 at 4, 5 and 7]. Petitioner's claims in this § 2255 proceeding will be denied for two reasons. First, his § 2255 motion is untimely, and he cannot benefit from equitable tolling. Second, even if Petitioner's § 2255 motion were timely, the arguments he presents in this § 2255 proceeding are foreclosed by the Fourth Circuit's opinion which rejected these same arguments on direct appeal.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress has provided that a one-year period of limitation shall apply to a

motion under Section 2255. The limitation period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

On March 28, 2011, the Supreme Court denied Petitioner's petition for a writ of certiorari. Allison v. United States, 131 S. Ct. 1801 (2011). Petitioner's judgment therefore became final on that date and he had one year, or until March 28, 2012, within which to file a timely § 2255 motion. Petitioner placed the instant § 2255 motion in the prison mailing system on April 3, 2013, more than one year past his deadline. [Id. at 13]. Because Petitioner did not file the instant § 2255 petition within a year of when his conviction became final, and because none of the other time periods set

forth under Section 2255(f) applies, his petition is subject to dismissal as untimely under Section 2255(f)(1).

Petitioner explains that his delay was occasioned by his appellate counsel's failure to notify him in a timely manner that the Supreme Court had denied his certiorari petition.[1] In fact, Petitioner states that he did not learn that his petition had been denied until on or about April 27, 2012, which is when he received a letter from Attorney Ann Hester from the Federal Defenders of Western North Carolina. [Id. at 12]. In this letter, Ms. Hester explains that his certiorari petition was filed with the Supreme Court on February 23, 2011, and a copy was sent to Petitioner by the Federal Defenders Office that same day. As noted, on March 28, 2011, the Supreme Court denied the petition for a writ of certiorari and the Federal Defenders Office received notice of this by mail from the Supreme Court. Ms. Hester explains that Petitioner's appellate counsel, Mr. Segal, mailed a letter to Petitioner informing him of the denial of the certiorari petition and informed Petitioner that he had one year from March 28, 2011, to file a §

---

[1] The Court finds that, based on Petitioner's discussion of timeliness in his petition, the rule articulated in Hill v. Braxton, 277 F.3d 701(4th Cir. 2002), has been satisfied. In Hill v. Braxton, the Fourth Circuit found that district courts are required to advise a *pro se* petitioner that his habeas motion or petition is subject to dismissal as time-barred under the AEDPA, and to give petitioner an opportunity to explain his delay before entering a *sua sponte* dismissal of the case. Id. at 706.

8

2255 motion. It appears that the letter was returned as undeliverable on April 26, 2011, and there was no further correspondence in Petitioner's file until Petitioner's letter of April 17, 2012, which he mailed to inquire about the status of his certiorari petition. [Id., Doc. 1-2 at 1-2]. In her letter to Petitioner, Ms. Hester states that she was including a copy of the Supreme Court's decision in Holland v. Florida, 560 U.S. 631 (2010), so that he may pursue a possible claim for equitable tolling of the statute of limitation. [Id. at 2-3].

A petitioner seeking collateral relief may benefit from equitable tolling if he can demonstrate that "'(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland, 560 U.S. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Here, Petitioner cannot benefit from an equitable tolling of the one-year statute of limitation, as he has not pursued his rights in a diligent manner. After receiving a belated notice of the denial of his certiorari petition, Petitioner still waited nearly a year to file his § 2255 motion. Because Petitioner has not diligently pursued his rights, he is not entitled to equitable tolling.

Notwithstanding the untimeliness of Petitioner's motion, it must also fail on the merits. The claims that Petitioner presents herein are all

directed towards the trial court's ruling on his motion to suppress; the Fourth Circuit, however, has already determined that the trial court correctly ruled that Petitioner did not have standing to challenge the search which led to the discovery of the firearm.  Accordingly, that matter may not be relitigated on collateral review under the circumstances presented in this case.  See, e.g., United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (The law of the case doctrine "forecloses relitigation of issues expressly or impliedly decided by the appellate court."); Boeckenhaupt v. United States, 537 F.3d 1182, 1183 (4th Cir. 1976) (A petitioner "will not be allowed to recast, under the guise of a collateral attack, questions fully considered" on direct appeal.).

In a related motion, Petitioner seeks to proceed with this action without the prepayment of fees.  The record in this matter indicates that the Petitioner was determined to be indigent and thereby was appointed counsel to represent him in the underlying criminal proceedings.  Based on this determination of indigency, the Petitioner is entitled to proceed without prepayment of fees on appeal.  Accordingly, the Petitioner's request to proceed *in forma pauperis* will be denied as moot.

Petitioner also requests a status report regarding this matter. In light of the Court's denial of his motion to vacate, Petitioner's request for a status report is denied as moot.

## IV. CONCLUSION

Based on the foregoing, the Court concludes that Petitioner's § 2255 is untimely and the arguments he presents have already been decided against him on direct appellate review.

Finally, pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**ORDER**

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion to Vacate [Doc. 1] is **DENIED AND DISMISSED**.

**IT IS FURTHER ORDERED** that Petitioner's Application to Proceed without Prepayment of Fees [Doc. 2] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Status Report [Doc. 3] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

The Clerk is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: June 24, 2014

Martin Reidinger
United States District Judge